UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| IN RE | ) | |
| | ) | |
| ELIZABETH A. INGALLS, | ) | CASE NO. 18-70065-BHL-7 |
| Debtor. | ) | |

**OBJECTION TO UNITED
STATES TRUSTEE'S DISMISSAL MOTION**

  Comes now, the Debtor, Elizabeth Ingalls, by counsel and files her Objection to United States Trustee's Motion to Dismiss Pursuant to 11 U.S.C. §§ 707(b)(1), (2) and (3). In support of said Motion, she states as follows:

  1. Debtor filed her Petition for Chapter 7 relief on or about January 30, 2018. Two events made the filing necessary:

    a. Debtor owned a time share for which she was unable to pay taxes and fees and had been sued for the amount owed.

    b. Old National Bank had indicated that it would not allow Debtor to refinance a home that she was selling on contract. The Bank had sent or had indicated that it would be sending a demand letter, calling the second mortgage.

  2. The Debtor has reviewed the concerns raised by the U.S. Trustee in paragraph 8 of its Motion and responds as follows:

    a. The tax deductions on line 16 of Debtor's means test are supported by taking an average of Debtors' pay checks over the last six months. (See Exhibit A)

    b. The Debtor agrees that the judicial lien deduction on line 33d was inadvertently overstated. Debtor has attached means test calculation remedying this problem.

  3. In paragraph 9 of its Motion, the U.S. Trustee's Office alleges that Debtor has monthly disposable income of $687.00 by its calculation, which attributes $650.00 of child

support income that goes directly to the Debtor's daughter. Without that income, the Debtor has $37.00 in disposable income per month.

### **Special Circumstances**

4. The following special circumstances occurred pre-petition:

    a. Debtor surrendered a home that is no longer producing the rental income. The rental income was reflected in the original means test, because it was income she had received in the last six months. It is not income that she will be receiving moving forward. The U.S. Trustee has conceded that this should not be included in income.

    b. The Debtor included $650.00 of child support income that is moved directly from a joint account that she shares with her daughter to an account in her daughter's name exclusively. Her daughter uses the money for her living expenses.

5. The following circumstances have occurred post-petition:

    a. Debtor is paid at an hourly rate. Debtor testified that at the time of filing her hourly rate for home health services had been reduced from $38.00/hour to $19.00/hour. The change will substantially affect her income.

    b. Counsel has obtained Debtor's most recent pay stubs (Exhibit B), which reflect the changes in Debtor's pay. The Debtor has been paid twice under the new pay system. She is uncertain that the April stub is accurate and has contacted her employer. Regardless, Debtor's pay is now calculated as follows:

        i. Debtor is paid at a per-patient or meeting rate for home health services at $19.25. Therefore, in Exhibit B, May 11, line 1 is not "hours worked," but patients/meeting attended.

        ii. Debtor is paid at a PTO rate that is blended from her home health rate and inpatient rate. (Exhibit B, May 11, line 2)

        iii. Debtor is paid at a rate of $29.15 per hour (not per patient) for patients she sees at the outpatient clinic. (Exhibit B, May 11, line 3)

        iv. Debtor is paid on a point system based on the type of patient she sees at the inpatient clinic at a rate of $26.00 per point. (Exhibit B, May 11, line 4)

This pay system started shortly before the 341 meeting. Debtor's patient load varies and it is virtually impossible at this point to project her income based on this pay system.

6. The following changes are anticipated to occur and will affect the Debtor's ability to fund a Chapter 13 plan:

   a. Debtor's daughter will begin her studies at Purdue University in August, bringing the following changes to Debtor's financial situation:

      i. The child support that is currently the subject of this debate will absolutely not be available to debtor. Even assuming the child support income should be included now, the Debtor will not have the child support income in August.

      ii. The Debtor will be responsible for one-third of her daughter's college expenses. Her daughter has received a scholarship to Purdue University. It is anticipated that her college expenses will be $9,000.00 per year, making the Debtor's responsibility $3,000.00 per year.

## Ability to Fund a Chapter 13 Plan

7. Due to the pre-petition, post-petition, and anticipated changes of circumstances, the Debtor could not adequately fund a Chapter 13 plan.

8. To demonstrate the problems, the Debtor has attached the following:

   a. A means test with hand-written revisions, correcting the overstatement of the judicial lien, but properly excluding the child support. Debtor has continued to reflect her actual car payment, rather than a hypothetical reduced car payment. (Exhibit C)

   b. Schedules I and J correcting the error identified by the U.S. Trustee, but allowing for the post-petition and anticipated changes in circumstances. (Exhibit D) The changes are as follows:

      i. Removing the mortgage expense for the surrendered home that was erroneously included.

      ii. Reflecting the fact that Debtor will no longer receive child support (even as a pass-through entity) in August.

3

        iii.      Reflecting Debtor's obligation to pay her daughter's tuition at Purdue University. (See paragraph 9b herein)

        iv.      Averaging the income from her last two pay stubs to project future earnings.

9. Because they reflect anticipated changes, the attachments are projections and subject to the following problems:

    a.    Debtor does not know what her income will be moving forward, because the hours she works and her patient load vary and her pay rate has changed.

    b.    Debtor previously had a child care expense of $200.00, which included payments for her child's activities etc. Debtor has raised that expense to $250.00 ($3,000.00 tuition payment divided by twelve months).

    c.    Debtor anticipates that utility payments, etc., will remain the same. Debtor anticipates that food expenses may go down.

    d.    Debtor anticipates unforeseen and speculative expenses associated with moving a child to college for the first semester (i.e. book fees, dorm room supplies, additional expenses not anticipated.)

10. The changes in the Debtor's income and Debtor's life make it impossible to draft a Chapter 13 Plan with any likelihood of success.

11. Debtor properly filed a Chapter 7 Petition on the date of filing.

WHEREFORE, the Debtor prays this Court deny the Motion to Dismiss; grant the Debtor leave to amend this objection if enough time has accumulated that an accurate projection of income can be made; and for all further relief as is just and proper.

        KEATING & LaPLANTE, LLP

        By:  /s/ Yvette M. LaPlante, #27214-49
             Yvette M. LaPlante
             101 N.W. First Street, Suite 116
             P.O. Box 3556
             Evansville, IN 47734-3556
             Telephone:  (812) 463-6093
             Facsimile:  (812) 463-6094
             Email:  ylaplante@keatingandlaplante.com
                      jthomas@keatingandlaplante.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 18, 2018, a copy of the foregoing Objection to United States Trustee's Motion to Dismiss was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

USDCSDECFBK@feiwellhannoy.com
harrison.strauss@usdoj.gov
ustpregion10.in.ecf@usdoj.gov
tr_wissel_ecf@sbcglobal.net
IN57@ecfcbis.com

I further certify that on May 18, 2018, a copy of the foregoing Objection to United States Trustee's Motion to Dismiss was mailed by first class U.S. Mail, postage pre-paid, and properly addressed to the following:

None

        KEATING & LaPLANTE, LLP

        By:  /s/ Yvette M. LaPlante, #27214-49
             Yvette M. LaPlante